IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| AURORA LOAN SERVICES, INC., <br><br> Plaintiff, <br><br> vs. <br><br> FRANK CRADDIETH and <br> PEGGY CRADDIETH, <br><br> Defendants. <br><br> MIDWEST REAL ESTATE INVESTMENT COMPANY, <br><br> Intervenor, <br><br> v. <br><br> STEVEN KAPLAN, JUDITH KAPLAN and WESTBANK, <br><br> Third-party Defendants. | No. 99 C 4325 <br><br> Judge Samuel Der-Yeghiayan <br><br> Magistrate Judge Sidney Schenkier |

## MOTION TO ENFORCE SETTLEMENT AGREEMENT

Defendant Frank Craddieth and Peggy Craddieth ("Craddieths"), by their undersigned attorneys, respectfully move this Court to enforce the settlement agreement reached by the parties at the settlement conference conducted on September 8, 2006. In support of this Motion, Craddieths state as follows:

1. On September 8, 2006, this Court, the Honorable Sidney Schenkier presiding, conducted a settlement conference. All parties were represented by counsel. The Court specifically inquired of everyone present whether all individuals necessary for settlement were present at the conference, and all parties replied in the affirmative.

2. As of the conference, Steven and Judy Kaplan ("Kaplans") were legal title-holders to the property at 701 South 23rd Avenue, Bellwood, IL 60104 (the "Property"). Kaplans and Craddieths were parties to Articles Of Agreement For Deed dated April 19, 2005 ("Original Contract"), pursuant to which Craddieths were making monthly installment payments towards the purchase of the Property. The Original Contract called for the final closing, whereby title to the Property would be transferred from Kaplans to Craddieths, to take place on or before October 28, 2006. The Original Contract also required Kaplans to deliver Warranty Deed, Affidavit of title and Bill of Sale to Craddieths, to pay any stamp tax imposed by the State or County, and Craddieths to pay any local stamp tax unless otherwise provided by local ordinance.

3. On September 8, 2006, the parties reached the following settlement.

- a) Kaplans will proceed with the transfer of title to the Property to Craddieths.

- b) Craddieths will borrow One Hundred Fifty Thousand Dollars ($155,000.00), plus whatever amounts they need to close the transaction.

- c) Aurora Loan Services, Inc. will pay One Thousand Five Hundred Dollars ($1,500), making a total $156,500 to be available for settlement.

- d) The $156,500 would be distributed as follows: One Hundred Twenty One Thousand Dollars ($121,000) to Inland Bank and Trust f/k/a Westbank; Twenty Nine Thousand Five Hundred Dollars ($29,500) to Midwest Real Estate Investment Company; and Six Thousand Dollars ($6,000) to Kaplans.

- e) The settlement is contingent upon Craddieths' ability to borrow $155,000.

- f) The settlement will be consummated by October 28, 2006.

- g) Upon consummation of the settlement, the Original Contract will be canceled, and all outstanding obligations of the parties will be resolved.

- h) All parties agreed to cooperate in whatever steps are necessary to consummate the settlement.

4. Pursuant to the foregoing settlement, Craddieths began working with their lender to obtain the necessary funding. The lender required a sales contract between Kaplans and

Craddieths reflecting the contemplated transaction and the correct amounts. As a result, Craddieths' counsel drafted a Real Estate Sales Contract ("Current Contract") and submitted it to Kaplans' counsel for comments.

5. Through several telephone conversations, counsel for Craddieths and counsel for Kaplans negotiated the terms of the Current Contract. On September 28, 2006, counsel had a telephone conversation wherein they resolved all remaining issues concerning the Current Contract. Counsel for Craddieths thereafter transmitted to counsel for Kaplans what it believed to be the final version of the Current Contract, which is attached hereto as Exhibit A.

6. Since September 28th, counsel for Craddieths has left several voicemails and sent e-mails to counsel for Kaplans asking that Kaplans sign and return the Current Contract as soon as possible so that Craddieths could proceed with obtaining their financing.

7. Kaplans have not signed and returned the Current Contract. Counsel for Kaplans has not responded to messages concerning the status of the Current Contract. Counsel for Kaplans has not indicated that Kaplans have any objection to the Current Contract that is attached hereto as Exhibit A.

8. The settlement agreement reached on September 8, 2006, and the Current Contract drafted pursuant to that agreement, are valid and enforceable agreements.

9. This Court has the authority to enforce a settlement agreement between parties. *See generally Wilson v. Wilson*, 46 F.3d 660, 664 (7th Cir. 1995).

10. By failing to sign and return the Current Contract, Kaplans are in breach of their obligations under the September 8, 2006 settlement agreement.

**WHEREFORE**, Craddieths respectfully requests that this Court:

1. Order Steven Kaplan and Judith W. Kaplan to immediately sign and transmit to counsel for Craddieth three copies of the Current Contract attached hereto as Exhibit A.

2. Extend the dates agreed to in the September 8th settlement agreement and in the Current Contract as necessary to allow Craddieths to obtain financing and consummate the settlement.

3. Order Steven Kaplan and Judith W. Kaplan to cooperate with Craddieths in consummating the settlement, as agreed on September 8, 2006.

4. Grant such further relief as the Court deems proper.

Respectfully submitted,

FRANK CRADDIETH and
PEGGY CRADDIETH

By: /s/ Christopher Wallace
One of their attorneys

Andrew R. Greene (ARDC #6225072)
Christopher A. Wallace (ARDC #6278655)
Matthew Wolski (ARDC #6276193)
Sonnenschein Nath & Rosenthal LLP
7800 Sears Tower
Chicago, IL 60606
(312) 876-8000

## CERTIFICATE OF SERVICE

I, Christopher Wallace, hereby certify that on October 12, 2006, the preceding **Motion to Enforce Settlement Agreement** was electronically filed with the Clerk of Court using the CM/ECF system which will send notification of such filing to registered parties.

I further certify that on October 12, 2006, I served the following non-registered party by messenger delivery:

Elizabeth K. Meyers
Fisher & Shapiro, LLC
4201 Lake Cook Road
Northbrook, IL 60602
(312) 372-4784

                 /s/ Christopher Wallace